## Pennington v. Sammons, et al.

(Decided October 25, 1921.)

### Appeal from Lawrence Circuit Court.

1. Forcible Entry and Detainer—As Judge of Quarterly Court County Judge Without Jurisdiction.—The judge of a county court has jurisdiction to issue a warrant of "forcible entry and detainer," or (as in this case) "forcible detainer," and, also, to preside at and conduct the trial under the writ; but as judge of the quarterly court of the county he is without jurisdiction to issue the writ, nor can a trial thereunder he had in the quarterly court, as that court, though presided over by the county judge, has not been given by law jurisdiction to hold or conduct such trial.

2. Forcible Entry and Detainer—Where Error in Trial did not Invalidate Judgment.—Where it is apparent from the record, as in this case, that a warrant of forcible detainer was duly issued by the judge of the county court in his official capacity as such, and that following waiver of a jury by the parties, the trial thereunder was had before him in his official capacity as judge of the county court, the fact that by mistake or inadvertence the orders, including the judgment, appertaining to the trial were entered in an order book used by the quarterly court did not invalidate the trial or resulting judgment.

3. Forcible Entry and Detainer—Validity of Verdict and Judgment—Form.—Neither the validity of the verdict returned by the jury on the traverse in the circuit court of the warrant of forcible detainer, nor the judgment entered thereon was affected by the failure of the verdict to express the jury's findings in the form prescribed by the Code, as its language clearly shows that it could have had no other meaning than that it found the defendant guilty of the forcible detainer charged, and such was the effect given it by the judgment.

CLYDE L. MILLER and W. D. O'NEAL for appellant.

FRED M. VINSON for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

This is a proceeding of forcible detainer involving the right of possession to a small house and one acre of ground lying on Griffiths creek in Lawrence county. The warrant against the appellant, William Pennington, charging the forcible detainer, which is in due form, was issued by the county judge of that county upon the complaint and by the procurement of the appellees, John G. and Mollie Sammons. On the trial before the county judge the parties, by agreement, waived their right to a jury and submitted the law and facts to the court, by whose judgment the appellant, Pennington, was found guilty of the forcible detainer charged and the appellees awarded restitution, or possession, of the land. On a traverse taken by the former to the circuit court the trial there had by jury resulted in a verdict against him and a judgment declaring him guilty and awarding appellees restitution of the land. Appellant complains of the circuit court's refusal to him of a new trial and of the judgment, and has appealed. His first complaint is that the circuit court erred in overruling his demurrer to the warrant and his motion to quash the proceedings, both of which were based on the alleged ground that the first or original trial under the writ occurred in the quarterly court, which had no jurisdiction of the writ or parties. We will concede that the statute creating the quarterly court and defining its powers confers upon it no jurisdiction to issue such writ or try the questions arising under it, but such jurisdiction is conferred by statute upon the county judge, and the mere fact that on the trial of the proceeding before him as such judge the resulting judgment by mistake or inadvertence, as evidently done in this case, was entered on the order book of the quarterly court, of which he is the ex officio judge, did not have the effect to invalidate the judgment or writ. The warrant was duly signed and issued by the county judge as such and not as judge of the quarterly court, and when the judgment was traversed the papers as sent to the circuit court did not indicate that the trial had taken place in the quarterly court; nor does such fact appear from the affidavit filed in the circuit court by appellant as a basis for his motion to correct the record of the proceedings, which did not state that the trial under the warrant occurred in the quarterly court, but only that the orders and judgment therein had been entered in the order book of that court. Obviously the contention in question is without merit, hence it is overruled.

The contention regarding the form of the verdict returned in the circuit court cannot be sustained. It was merely a verdict for the plaintiffs (appellees) and the court should have required the jury to put it in the usual form and doubtless would have had them correct it, if asked by appellant's counsel to do so, which request was not made. However, as in form returned it could have had no other meaning than that it found appellant guilty of the forcible detainer charged, and such was the effect properly given it by the judgment, the error affords no ground for its reversal.

Without repeating the evidence, it is sufficient to say that as a whole it fairly supports the verdict and judgment. It conduces to show that at the time appellant entered upon the land it was in the actual possession of appellees, through their tenant, and had been for fifteen or more years continuously; and that by some sort of arrangement between appellant and the tenant, of which appellees had at the time no knowledge, he moved into the house as the tenant moved out. On the other hand, if it be true, as appellant attempted to show, that the tenant had previously, by paying rent to another, recognized him as his landlord, such attempted attornment did not destroy his tenancy under appellee, and he could, therefore, have had no right to deliver possession of the premises to appellant.

The instructions correctly gave the law and there was no incompetent evidence that could have prejudiced any substantial right of the appellant.

Judgment affirmed.